## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| NICE GLASS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. |
| | ) |
| COLL FINANCIAL HOLDINGS, LLC | ) |
| dba C2 FIBERS LLC, | ) |
| | ) |
| and | ) |
| | ) |
| BRIAN COLL, | ) |
| | ) |
| and | ) |
| | ) |
| RENEE COLL, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants Coll Financial Holdings, LLC dba C2 Fibers LLC ("CFH"), Brian Coll ("B. Coll"), and Renee Coll ("R. Coll") (collectively "Defendants"), pursuant to 28 U.S.C. §§ 1332 and 1446, file this Notice of Removal of the above-captioned case to this Court. In support of removal, Defendants respectfully state as follows:

### I.   INTRODUCTION

1.   Defendants are each named as Defendants in Civil Action No. 18SL-CC3396 filed in the Circuit Court of Saint Louis County, Missouri, styled *NICE Glass LLC v. Coll Financial Holdings, LLC, et al.* (the "State Court Action"). A copy of the entirety of the pleadings filed in the State Court Action is attached hereto as **Exhibit A**.

2. Defendant CFH is an Ohio limited liability company with its principal place of business located in Zanesville, Ohio. Defendant CFH was served by private process server on September 26, 2018.

3. Defendants B. Coll and R. Coll are citizens of the State of Ohio and are individual residents of Zanesville, Ohio. Defendants B. Coll and R. Coll were served by private process server on September 26, 2018.

4. According to Plaintiff's State Court Action, Plaintiff NICE Glass LLC ("Plaintiff") was a limited liability company organized under the laws of the state of Missouri, and since May 2018, Plaintiff is now a Delaware limited liability company. *See* Exhibit A, Plaintiff's Petition ¶¶1-2 ("Petition").

5. Upon information and belief, Plaintiff's principal place of business is 7711 Bonhomme, Suite 560, Clayton, Missouri. *See* Notice of Merger filed with the Missouri Secretary of State on May 11, 2018 and attached hereto as **Exhibit B**.

6. Upon information and belief, all of the members of Plaintiff, Tim Noonan and Julie Noonan, and the manager of Plaintiff, Tim Noonan, are citizens of the state of Missouri and are not citizens of Ohio. A copy of the Manager's Certificate and Action by Unanimous Written Consent of the Managers and Members of NICE Glass LLC is attached hereto as **Exhibit C**.

7. Defendants file this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).

8. Defendants respectfully submit that this Court has original jurisdiction over the instant action based upon diversity of citizenship and amount in controversy, pursuant to 28 U.S.C. § 1332.

## II.   BASIS FOR REMOVAL

9. Removal is proper because there is complete diversity between the parties. 28 U.S.C. § 1332(a). Plaintiff is a citizen of Delaware and Missouri. *See* ¶¶ 4-6, *supra*, *see also* Petition ¶¶ 1-2. All Defendants are citizens of Ohio.

10. Additionally, the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a). While the Petition only pleads damages in excess of $25,000, the amount in controversy exceeds $6,000,000.

11. Specifically, in its Petition filed in the State Court Action, Plaintiff alleges a breach, among other claims, of an Asset Purchase Agreement executed between the parties. *See* Petition, Ex. A ("Asset Purchase Agreement"). Plaintiff was the buyer and Defendants were the sellers and equity holders of certain assets that were the subject of the Asset Purchase Agreement. These assets included, among other things, an invention for converting glass waste and plastic waste materials into structural reinforced plastics, such as railroad ties, the intellectual property associated with that invention, and valuable contracts with Owens Corning and Voestalpine Nortrak. *See* Petition, Ex. A, Recitals and Schedule 1.01.

12. The Petition also states that the purchase price of the assets was comprised of the following payments:

   a. $2,800,000.00 payable at closing (See Petition, Ex. A, Section 1.04(a)),

   b. $500,000 payable upon the first of (i) sales of 20,000 units of Product or (ii) the closing of subsequent capital raise (debt or equity) by Plaintiff (See Petition, Ex. A, Section 1.04(b)),

   c. The sum of $300,000.00 per calendar year (the **"Annual Royalty"**) over a twenty (20) year period or the duration of the intellectual property, whichever is greater, equal to the sum of $300,000 *plus* "[t]he amount in excess of $300,000 generated each calendar year by each User, calculated by valuing each Transaction involving such User at $2.00 per Railroad Tie or $0.01 per pound of Product sold (the **"Transaction Royalty(ies)"**). For purposes of clarification, no Transaction Royalty shall be owed to Seller until sales of Railroad Ties exceed 150,000 units per calendar year." (See Petition, Ex. A, Section 1.04(c)(i)).

See Petition ¶¶ 49-51.

13. Under Count I of the Petition, Plaintiff seeks recovery for breach of contract and contractual indemnity. *See* Petition, ¶¶ 169-176. Under this Count, Plaintiff asserts that Defendants breached the Asset Purchase Agreement based upon alleged "material breaches of contract and fraud" as defined in the Petition, by failing to indemnify Plaintiff under Sections 6.02 and 6.04 of the Asset Purchase Agreement, and for failure to turn over a contract valued at $70,000.

14. Specifically under Plaintiff's claim for material breach of the Asset Purchase Agreement, Plaintiff contends that Defendants breached Section 1.04(c)(v) of the Asset Purchase Agreement which states:

> * * * Buyer's obligations under this **Section 1.04(c)** shall terminate immediately upon Seller's or Equity Holders' failure to cure within sixty (60) days' notice by Buyer of any of the following: (1) fraud (which for purposes of this **subpart (iv)** shall mean intentional deception, misappropriation of resources, or the manipulation of data to the advantage or disadvantage of a person or entity) * * *.

*See* Petition, Ex. A. Because of that alleged breach, Plaintiff contends that it no longer has any obligation to pay Defendants any royalty payments of which the base payment is $300,000 per year plus additional sums per sale of a railroad tie as described under Section 1.04(c)(i). *See* Petition ¶¶ 128, 135, Ex. Q (June 27, 2018 Letter refusing to pay $300,000 in royalty payments to Defendants).

15. Plaintiff also claims it can "set off" any amounts due for royalty payments owed to Defendants under the terms of the Asset Purchase Agreement. *See* Petition ¶ 121. Indeed, Plaintiff asserts that it could set off losses, including its costs, expenses, and attorney's fees, relating to any inaccuracy or breach of representations and warranties, breach of any covenant, and failure to secure rights in the assets of intellectual property. *See* Petition ¶¶ 122-123.

16. Additionally, Plaintiff contends under Count I that Defendants failed to turn over a $70,000 prepayment as part of the asset sale which would allegedly entitle Plaintiff to a contract payment of $140,000. *See* Petition ¶¶ 129, 135(c); Ex. N (February 2, 2018 letter).

17. Under Count II, Plaintiff seeks a declaratory judgment in its favor seeking a declaration terminating its obligation to pay Defendants the royalty payments under the Asset Purchase Agreement, which, at a minimum, is $300,000 starting June 20, 2018 and payable annually thereafter, and certain transaction royalty payments due twice a year. The royalty payment of a minimum of $300,000 is payable over the greater of twenty (20) years or the duration of the purchased intellectual property. At a minimum, Plaintiff is seeking to avoid a payment of $6,000,000 ($300,000 x 20 years).

18. Under Count III, Plaintiff seeks to rescind the all of the agreements between the parties, including the Asset Purchase Agreement. *See* Petition ¶¶ 192-207. In other words, Plaintiff is seeking to recover, at a minimum, from Defendants the entirety of the closing payment of $2,800,000, as well as additional consequential damages, costs and attorneys' fees. *See* Petition p. 42.

19. The Petition in the State Court Action was filed with the Clerk of the Circuit Court of Saint Louis County, Missouri on or about September 7, 2018. Pursuant to 28 U.S.C. § 1446(a), and the local removal checklist, copies of the current docket sheet, together with all process, pleadings and orders served upon Defendants in the State Court Action are attached hereto as **Exhibit A.**

20. Any civil action is removable if the plaintiff could have originally brought the action in federal court. *See* 28 U.S.C. § 1441(a).

21. Further, venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district. The parties also agreed that any legal action based upon the Asset Purchase Agreement "may be instituted in the federal courts of the United States of America or the courts of the State of Missouri in each case located in the county of Saint Louis, and each party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding." *See* Petition, Ex. A, Section 7.11.

22. Defendants were formally served with the Summons and Petition on September 26, 2018. This removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

23. After filing this Notice of Removal, Defendants will promptly serve written notice of this Notice of Removal on counsel for Plaintiff and file the same with the Clerk of the Circuit Court for the City of Saint Louis, Missouri in accordance with 28 U.S.C. § 1446(d).

24. By removing this action, Defendants do not waive any defense, jurisdictional or otherwise, which they may possess, and reserve their rights, without limitation, regarding the effectiveness of service upon them and the existence of personal jurisdiction over them. Defendants have not appeared in the State Court Action.

25. As noted in the Petition, no demand for a jury trial was made in the Petition. Notwithstanding the filing of this notice, Defendants reserve their right pursuant to Federal Rule of Civil Procedure 38 to demand a jury trial in their subsequent pleading.

26. By removing this action, Defendants also do not concede that Plaintiff has stated a claim against them.

27. On the basis of diversity jurisdiction, Defendants ask this Court to remove the suit to the United States District Court for the Eastern District of Missouri. Defendants further request all relief to which they may be entitled.

28. All Defendants who have been joined and served with state-court process have consented to removal.

WHEREFORE, in accordance with the authorities set forth above, Defendants hereby remove this action from the Circuit Court of the City of Saint Louis, Missouri, to the United States District Court for the Eastern District of Missouri.

DATED this 26th day of October, 2018.

                                         Respectfully submitted,

                                         SPENCER FANE LLP

                                         By: /s/ *Thomas W. Hayde*
                                                  Thomas W. Hayde, #57368MO
                                                  1 North Brentwood Blvd., Suite 1000
                                                  St. Louis, MO 63105
                                                  (314) 863-7733 (telephone)
                                                  (314) 862-4656 (facsimile)
                                                  thayde@spencerfane.com

                                           *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Eastern District of Missouri, this 26th day of October, 2018, with a true copy mailed, first class postage prepaid, to:

James P. Martin
Polsinelli PC
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
jmartin@polsinelli.com

*Attorneys for Plaintiff*

/s/  *Thomas W. Hayde*